**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re:   :   Chapter 11

ELI MORDECHAI BOBKER,   :   Case No.: 16-23682 (RDD)

   Debtor.   :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**OBJECTION TO EXEMPTION AND MOTION FOR ORDER
DISALLOWING TRUST EXEMPTION CLAIMED BY THE DEBTOR**

Grand Pacific Finance Corp. ("Grand Pacific"), by its counsel Herrick, Feinstein LLP, as and for its objection to exemption and motion for an order disallowing a certain exemption claimed by the above debtor (the "Motion"), respectfully represents as follows:

**BACKGROUND**

1. On December 6, 2016 (the "Petition Date") Eli Mordechai Bobker ("Eli") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), commencing the above-captioned individual chapter 11 case. Eli's brother, Benny Boruch Bobker ("Benny," and together with Eli, the "Debtors"), also filed a separate chapter 11 case on the Petition Date, pending in this Court under case number 16-23681 (RDD).

2. On Benny's Schedule C: The Property You Claim as Exempt, filed on January 15, 2017 (the "Exemption Schedule") [Case No. 16-23681, Docket No. 21], Benny claims an exemption, in an unknown amount under New York Civil Practice Law and Rules ("CPLR") sections 5205(c)(1) and (2), his 25% interest in the Bobker Family Trust ("BFT") and the Bobker Family Trust 2000 ("BFT 2000," and together with BFT, the "Trusts"). Although Eli does not claim exemptions for his 25% interest in BFT and BFT 2000, out of an abundance of

caution, Grand Pacific files this Motion against Eli as well because Eli lists his 25% interest in the Trust as an asset in his schedules. *See* Schedule A/B: Property [Docket No. 18].

3. Grand Pacific has requested documents from the Debtors relating to, among other things, the Trusts, including their tax returns, trust declarations and bank statements. No documents relating to the Trusts have been produced to Grand Pacific in response to document requests.

4. Accordingly, the Debtors have not provided any basis to support a claimed exemption for their corresponding 25% interests in the Trusts, or that the Trusts are the type of trusts covered by CPLR §§ 5205(c)(1) and (2).

## **OBJECTION TO CLAIMED EXEMPTION**

5. CPLR § 5205(c)(1) and (2) provide as follows:

> Trust exemption. 1. Except as provided in paragraphs four and five of this subdivision, all property while held in trust for a judgment debtor, where the trust has been created by, or the fund so held in trust has proceeded from, a person other than the judgment debtor, is exempt from application to the satisfaction of a money judgment.
>
> 2. For the purposes of this subdivision, all trusts, custodial accounts, annuities, insurance contracts, monies, assets or interests established as part of, and all payments from, either any trust or plan, which is qualified as an individual retirement account . . . shall be considered a trust which has been created by or which has proceeded from a person other than the judgment debtor … .

6. To be exempt under CPLR § 5205(c)(1), the property claimed under the exemption must be "(i) 'held in trust' (2) for a judgment debtor (meaning the debtor, for bankruptcy purposes), (3) where the trust is created by or proceeded from a person other than the debtor." *In re Quackenbush*, 339 B.R. 845, 851 (Bankr. S.D.N.Y. 2006).

7. Upon information and belief, the Debtors' interests in BFT and BFT 2000 do not satisfy under any of the prongs necessary to qualify as a claim for exemption under CPLR

§ 5205(c)(1). The Debtors' interests in the Trusts are not held in trust for the Debtors and the Trusts were not created by a person other than the Debtors.

8. Nor are the Trusts retirement accounts that are subject to exemption under CPLR § 5205(c)(2).

9. Accordingly, the Court should enter an order disallowing the Debtors' claimed exemption of their interests in the Trusts.

WHEREFORE, Grand Pacific respectfully requests that the Court enter an order disallowing the Debtors' claimed exemptions relating to the Trusts, and grant Grand Pacific such other and further relief as is just and proper.

Dated: New York, New York
June 6, 2017

HERRICK, FEINSTEIN LLP
*Attorneys for Grand Pacific Finance Corp.*

By: ___/s/ Stephen B. Selsbt___
Stephen B. Selbst
Hanh V. Huynh
Two Park Avenue
New York, NY 10016
(212) 592-1400
(212) 592-1500
sselbst@herrick.com
hhuynh@herrick.com