PENACHIO MALARA LLP
235 Main Street - Suite 610
White Plains, New York 10601
(914) 946-2889

PRESENTMENT DATE & TIME:
AUGUST 15, 2017 AT 12:00 NOON

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
In re

    ELI MORDECHAI BOBKER,

                               Debtor.
----------------------------------X

Chapter 11

Case No.: 16-23682 (RDD)

**NOTICE OF PRESENTMENT OF ORDER GRANTING THE DEBTOR'S APPLICATION TO (I) AVOID JUDICIAL LIENS OF (1) GRAND PACIFIC FINANCE CORP.; AND (2) SILVERMAN SCLAR SHIN & BYRNE AND ANY ASSIGNEES AS IMPAIRING HIS HOMESTEAD EXEMPTION PURSUANT TO SECTION 522(f) OF THE BANKRUPTCY CODE; (II) FOR A DECLARATION THAT SUCH LIENS ARE NULL AND VOID; AND (III) GRANTING SUCH OTHER AND FURTHER RELIEF AS THIS COURT DEEMS APPROPRIATE**

      **PLEASE TAKE NOTICE** that the attached order granting the application (i) to avoid the judicial liens of (1) **GRAND PACIFIC FINANCE CORP.** and (2) **SILVERMAN SCLAR SHIN & BYRNE** and any assignees as impairing the homestead exemption of **ELI MORDECHAI BOBKER**, the above-caption debtor, pursuant to Section 522(f) of the Bankruptcy Code; (ii) for a declaration that such liens are null and void; and (iii) for such other and further relief as this Court deems appropriate will be presented to the Honorable Robert D. Drain, United States Bankruptcy Judge, in his Chambers at the United States Bankruptcy Court, 300 Quarropas Street, White Plains, NY 10601 on August 15, 2017 at 12:00 Noon.

      **PLEASE TAKE FURTHER NOTICE** that a copy of the application is available on the Bankruptcy Court's website, www.nysb.uscourts.gov or from the undersigned on request.

      **PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief sought in the application must comply with applicable law and be served upon the undersigned with a copy to the Bankruptcy Judge's Chambers on or before 12:00 Noon on August 15, 2017. Unless objections are interposed, the relief sought in the application may be granted.

Dated: White Plains, New York
       July 17, 2017

                                     **RESPECTFULLY SUBMITTED,**

                                     PENACHIO MALARA LLP
                                     /s/ Anne Penachio
                                     By: Anne Penachio, Esq.
                                     Counsel for Debtor
                                     235 Main Street, Suite 610
                                     White Plains, NY 10601

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
In re: :

      ELI MORDECHAI BOBKER, :

                Debtor. :
------------------------------------X

CHAPTER 11

Case No.: 16-23682(rdd)

**ORDER AVOIDING THE LIENS OF GRAND PACIFIC FINANCE CORP. AND SILVERMAN SCLAR SHIN & BYRNE AND ANY ASSIGNEES AS IMPAIRING HIS HOMESTEAD EXEMPTION PURSUANT TO SECTION 522(f) OF THE BANKRUPTCY CODE AND FOR A DECLARATION THAT SUCH LIENS ARE NULL AND VOID**

    Upon the motion, by notice of presentment dated July 13, 2017 [Dkt. No. ___] (the "Motion"), of Eli Mordechai Bobker, the debtor and debtor in possession herein (the "Debtor") by his counsel, Penachio Malara, LLP, for an order avoiding the judicial liens described therein and herein on the Debtor's interest in the real property located at <u>2 Holly Lane, Lawrence, NY 11559</u> (the "Property"), as impairing his homestead exemption, pursuant to 11 U.S.C. §522(f); and there being due and sufficient notice of the Motion and the opportunity for a hearing thereon as reflected in the Affidavit of Service filed as Dkt. No. ___; and there being no objections to the requested relief; and no additional notice of or a hearing on the Motion being required under the circumstances; and after due deliberation, the Court having found that the following judicial liens fully impair the Debtor's homestead exemption; and good and sufficient cause appearing, it is hereby

    **ORDERED** that the Motion is granted as provided herein; and it is further

    **ORDERED** that the fixing of the following judicial liens on the Property and its proceeds are declared void under 11 U.S.C. §522(f):

| Judgment Holder | Index Number | Date | Amount |
|---|---|---|---|
| Grand Pacific Finance Corp. | | 5/24/2011 | $9,403,095.31 |
| Silverman Sclar Shin & Byrne | | 6/4/2014 | $152,355.72 |

**ORDERED** that the holder of the foregoing judicial liens shall, promptly upon being provided with a copy of this Order, execute any and all documents necessary to strike such liens from the judgment rolls maintained by the County Clerk of Westchester County, New York with respect to the Property and its proceeds; and it is further

**ORDERED** that the Clerk of Westchester County, New York shall mark on its records that the foregoing judicial liens have been declared void by Bankruptcy Court Order with respect to the Property and its proceeds under 11 U.S.C. §522(f); provided, that the Debtor may file a copy of this Order with such Clerk as alternative notice thereof.

Dated: White Plains, New York
August ___, 2017

_____
Hon. Robert D. Drain
U.S. Bankruptcy Judge

PENACHIO MALARA LLP
235 Main Street - Suite 610
White Plains, New York 10601
(914) 946-2889

PRESENTMENT DATE & TIME:
AUGUST 15, 2017 AT 12:00 NOON

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
In re

    ELI MORDECHAI BOBKER,

                        Debtor.
----------------------------------X

Chapter 11

Case No.: 16-23682 (RDD)

**THE DEBTOR'S APPLICATION TO (I) AVOID JUDICIAL LIENS OF (1) GRAND PACIFIC FINANCE CORP.; AND (2) SILVERMAN SCLAR SHIN & BYRNE AND ANY ASSIGNEES AS IMPAIRING HIS HOMESTEAD EXEMPTION PURSUANT TO SECTION 522(f) OF THE BANKRUPTCY CODE; (II) FOR A DECLARATION THAT SUCH LIENS ARE NULL AND VOID; AND (III) GRANTING SUCH OTHER AND FURTHER RELIEF AS THIS COURT DEEMS APPROPRIATE**

**TO: THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE**

      The application of **ELI MORDECHAI BOBKER**, the above-captioned debtor (the "Debtor"), by and through his counsel, **PENACHIO MALARA, LLP,** to avoid the judicial liens of (1) **GRAND PACIFIC FINANCE CORP.** ("Grand Pacific"); and (2) **SILVERMAN SCLAR SHIN & BYRNE** ("Silverman") and any assignees as impairing his homestead exemption pursuant to Section 522(f) of the Bankruptcy Code and for a declaration declaring such lien is null and void, respectfully represents as follows:

## FACTS

      1. On or about December 6, 2016, the Debtor filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Bankruptcy Code, as amended (the "Bankruptcy Code") with the clerk of the Court and the case was referred to the Bankruptcy Judge herein.

      2. Since the filing, the Debtor has remained in possession and control of his property as a debtor-in-possession under 11 U.S.C. §1107 and 1108. No Trustee or Examiner has been appointed.

3. The Debtor co-owns a single family home, located at 2 Holly Lane, Lawrence, NY 11559 (the "Home") with his non-debtor spouse. The Home is in Nassau County, New York. According to a recent appraisal dated March 8, 2017, the Home is valued at $1,000,000.00. A copy of the appraisal is annexed hereto as Exhibit A.

4. The Home is encumbered by a first mortgage serviced by Ocwen Loan Servicing ("Ocwen") with a principal balance due of $550,839.47. A copy of Ocwen's claim is annexed hereto as Exhibit B.

5. In addition, the home is encumbered by a junior mortgage held by JP Morgan Chase, N.A. ("Chase") in the amount of $ 134,412.19. A copy of Chase's proof of claim is annexed hereto as Exhibit C.

6. Prior to the filing of the Debtor's bankruptcy petition, the following judgment liens were entered against him ( collectively, the "Liens"):

| Name of Creditor | Date of Entry of Lien | Amount | Exhibit |
| --- | --- | --- | --- |
| Grand Pacific | 5/24/2011 | $9,403,095.31 | D[1] |
| Silverman | 6/4/2014 | $152,355.72 | E |
| Total | | $9,555,451.03 | |

---

[1] Exhibits D and E are transcripts of judgments obtained from the Nassau Clerk's office.

## RELIEF REQUESTED HEREIN

7. By the Application, the Debtor seeks an order from the Court pursuant to Section 522(f) of the Bankruptcy Code avoiding the Liens as impairing his homestead exemption and declaring the Liens as null and void and of no further force and effect with respect to the Home and any other property in which the Debtor may acquire an interest and to direct all judgment creditors and lien holders set forth above to execute any and all documents necessary to strike the Liens off the public record with respect to the Home.

## JURISDICTION AND STATUTORY PREDICATES FOR RELIEF

8. This Court has jurisdiction over the Application pursuant to 28 U.S.C. 157 and 1334 and the "Standing Order Referral of Case to The Bankruptcy Judge" dated July 10, 1984 (Ward, Acting C.J.). The statutory predicates for relief sought herein are Sections 522(f) and 105 of the Bankruptcy Code, Federal Rule of Bankruptcy Procedure 4007 and the local rules for the United States Bankruptcy Court for the Southern District of New York.

## THE LIEN SHOULD BE AVOIDED

9. Section 522(f)(1)(A) and (2)(a) of the Bankruptcy Code provides, in pertinent part, as follows:

Notwithstanding any waiver of exemptions, but subject to paragraph (3), the Debtor may avoid the fixing of a lien on an interest of the Debtor in property to the extent that such lien impairs an exemption to which the Debtor would have been entitled under subsection (b) of this section, if such lien is -

(A) a judicial lien, other than a judicial lien that secures a debt . . .;

(2)(a) For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of -

(I) the lien;
(ii) all other liens on the property; and
(iii) the amount of the exemption that the debtor could claim if there were no liens on the property;

exceeds the value that the debtor's interest in the property would have in the absence of any liens.

10. The Bankruptcy Code codifies a mathematical formula set forth in Section 522(f)(2)(A) to determine the extent by which a lien can be avoided. This Court utilized such formula in the decision, In re Jesse Brody, 237 B.R. 5, 8 (Bankr. S.D.N.Y. 2003). Such formula applies to the instant case as follows:

(i) The Liens sought to be avoided total - $9,555,451.03

(ii) The other liens on property (mortgages) total - $ 685,251.66

(iii) The Debtors' homestead exemption is - $ 165,550.00

The sum of the figures is **$10,406,252.69**

11. The Debtor's interest, as a joint owner, in the Home is $500,000.00 (1/2 of the value as per the appraisal). Thus, the Liens and exemption exceed the Debtor's interest in the property by approximately **$9,906,252.69** meaning the exemption is impaired by such amount. Because the impairment exceeds the value of the judicial liens, such liens should be avoided in their entirety.

12. It should also be noted that the Debtor is requesting that this Court direct the holders of the Liens and/or any assigns to execute any and all documents necessary to strike the Liens from the Debtor's Home. This is necessary to ensure that the Debtor is afforded the full benefit of his discharge and his fresh start. If the holders of the Liens do not execute the appropriate documents, the Debtor will be forced to commence a proceeding in the Supreme Court of the State of New York seeking to direct the County Clerk of Nassau to expunge the Liens from the record.

## NOTICE OF APPLICATION AND WAIVER OF MEMORANDUM OF LAW

13. Notice of the Application has been provided to (i) all Lien holders and any known assigns and an officer of the corporation; (ii) the Chapter 11 trustee; (iii) the Office of the U.S. Trustee; and (iv) all parties who have filed a "Notice of Appearance and Request for Service of Papers."

14. Because the facts and circumstances set forth herein do not present novel issues of law, it is respectfully requested that this Court waive the requirement of the filing of a memorandum of law.

**WHEREFORE,** it is respectfully requested that this Court enter an order: (i) avoiding the Liens as impairing the Debtor's Homestead Exemption; (ii) declaring the Liens as null and void and of no further force and effect with respect to the Home and any other property in which the Debtor may acquire an interest; (iii) directing all Lien holders to execute any and all documents necessary to strike the Liens from the Debtor's Home and (iv) granting such other and further relief as the Court deems appropriate.

Respectfully submitted,

Dated: White Plains, NY
July 17, 2017

PENACHIO MALARA, LLP

By: /s/ Anne Penachio
*Counsel for the Debtor*
Anne Penachio, Esq.
235 Main Street, Suite 610
White Plains, New York 10601
T:(914) 946-2889