| | |
|---|---|
| PENACHIO MALARA LLP<br>235 Main Street - Suite 610<br>White Plains, New York 10601<br>(914) 946-2889 | **HEARING DATE & TIME:**<br>**JULY 25, 2017 AT 10:00 AM** |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
In re

     ELI MORDECHAI BOBKER,

                            Debtor.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

                                        Chapter 11

                                        Case No.: 16-23682 (RDD)

**THE DEBTOR'S OPPOSITION TO THE APPLICATION OF GRAND PACIFIC FINANCE CORP. TO HIS CLAIMED EXEMPTION IN A TRUST AND (II) GRANTING SUCH OTHER AND FURTHER RELIEF AS THIS COURT DEEMS APPROPRIATE**

**TO:   THE HONORABLE ROBERT D. DRAIN**
        **UNITED STATES BANKRUPTCY JUDGE**

     **EILI MORDECHAI BOBKER,** the above-captioned debtor (the "Debtor"), by and through his counsel, **PENACHIO MALARA, LLP,** submits this opposition to the motion of **GRAND PACIFIC FINANCE CORP.** ("Grand Pacific") to avoid exemptions he claimed in two family trusts, the Bobker Brothers Family Trust 2000 ("BBFT 2000") and the Bobker Family Trust ("BFT") (together the "Trusts') and a respectfully represents as follows:

    1. The Debtor did not claim an exemption in the Trusts. However, it is more than likely that he will amend his Schedules to include such an exemption.

    2. The Debtor submits that the motion be deferred pending amendment. Nevertheless, should the Court rule on the validity of the exemption, the Debtor submits that the Trusts interests are exempt under NY law.

## FACTS

3. On or about December 6, 2016, the Debtor filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Bankruptcy Code, as amended (the "Bankruptcy Code") with the clerk of the Court and the case was referred to the Bankruptcy Judge herein.

4. Since the filing, the Debtor has remained in possession and control of his property as a debtor-in-possession under 11 U.S.C. §1107 and 1108. No Trustee or Examiner has been appointed.

5. The Debtor has an interest as a beneficiary in BBFT 2000 and BFT. Copies are annexed hereto respectively as Exhibit A and B.

6. Information regarding the Trusts was sent to Grand Pacific on May 15, 2017 in Drop Box form. When it appeared that the documents were not received, counsel resent them. See Exhibit C. The Debtor will continue to cooperate with Grand Pacific with respect to the production of documents.

7. BBFT 2000 owns the House at Wildeacre, Lawrence NY (the "Wildacre Property"). The Debtor's parents reside in the Wildacre Property, which was purchased by BBFT 2000. There is limited or no equity in the Wildacre Property which is the subject of foreclosure. The municipal records reflects a value of approximately $1,600,000.00. Zillow reflects a value of $2,100,000.00. A proof of claim filed by the mortgage holder is annexed hereto as Exhibit D. According to the claim, $1,910,733.32 was due as of January 2017.

8. BFT has membership interests in LLC's with little or no value. A list will follow.

9. The Debtor will claim his 25% interest in the Trusts as 'Exempt."

## THE MOTION SHOULD BE DENIED

## The Exemptions Would Be Valid

10. The Debtor's interests in the Trusts is "exempt" under CPLR 5205 which provides that: Except as provided in paragraphs four and five of this subdivision, all property while held in trust for a judgment debtor, where the trust has been created by, or the fund so held in trust has proceeded from, a person other than the judgment debtor, is exempt from application to the satisfaction of a money judgment.

NY CPLR 5205

11. Here, the primary issues are (i) whether the Trusts were created by the Debtor; and (ii) whether the funds in the Trusts "were proceeded" from a person other than the Debtor.

12. In the case of BBFT 2000, the trust property was not "proceeded" from the Debtor. Rather, BBFT 2000 purchased the Wildacre Property with limited, if any, funds from the Debtor.

13. In the case of the BFT, the assets were similarly not owned outright by the Debtor. Upon information and belief, the assets emanated from the Debtor's parents. Rather, the assets were "family" interests in LLC's.

14. Under the literal language of CPLR 3205, the Trusts were not "created" by the Debtor. At best, they were created by the Debtor and his 3 siblings.

15. Finally, it is noteworthy that the Trusts were created long ago (presumably in connection with estate planning). They were not made to evade creditors or conceal assets.

16. To the extent that the Court requires evidence on the foregoing, it is respectfully requested that a trial be scheduled.

Respectfully submitted,

Dated: White Plains, NY
July 20, 2017

PENACHIO MALARA, LLP

By: /s/ Anne Penachio
 *Counsel for the Debtor*
Anne Penachio, Esq.
235 Main Street, Suite 610
White Plains, New York 10601
T:(914) 946-2889