HERRICK, FEINSTEIN LLP
*Attorneys for Grand Pacific Finance Corp.*
Stephen B. Selbst
2 Park Avenue
New York, New York 10016
(212) 592-1400
(212) 592-1500 (fax)
sselbst@herrick.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re                                              Chapter 11

ELI MORDECHAI BOBKER,                  Case No. 16-23682 (RDD)

        Debtor.
------------------------------------------------------------x

## OBJECTION OF GRAND PACIFIC FINANCE CORP. TO THE DEBTOR'S APPLICATION TO, *INTER ALIA*, AVOID THE JUDICIAL LIEN OF GRAND PACIFIC FINANCE CORP. AS IMPAIRING THE DEBTOR'S HOMESTEAD EXEMPTION PURSUANT TO SECTION 522(f) OF THE BANKRUPTCY CODE

Grand Pacific Finance Corp., a judgment lien creditor of the Debtor ("Grand Pacific"), by its counsel, Herrick, Feinstein LLP, hereby files its objection (the "Objection") to the *Debtor's Application to (i) Avoid Judicial Liens of (1) Grand Pacific Finance Corp.; and (2) Silverman Sclar Shine & Byrne and any Assignees as Impairing his Homestead Exemption pursuant to section 552(f) of the Bankruptcy Code; (II) for a Declaration that Such Liens and Null and Void; and (III) Granting Such Other and Further Relief as this Court Deems Appropriate*, dated July 17, 2017 (the "Application" or "App."). In support of its Objection, Grand Pacific respectfully represents as follows:

## FACTUAL BACKGROUND

1. On December 6, 2016, Eli Mordechai Bobker (the "Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2. The Debtor remains in possession and control of his property as a debtor-in-possession under sections 1107 and 1008 of the Bankruptcy Code. No trustee or examiner has been appointed.

3. Prepetition, on May 20, 2011, Grand Pacific obtained a judgment in the amount of $9,403,095.31 against the Debtor. On June 24, 2011, the judgment was recorded with the Nassau County Clerk's Office. *See* App., Exh. D. In seeking to enforce its judgment, Grand Finance filed a judicial lien against the Debtor's home, located at 2 Holly Lane, Lawrence, NY, located in Nassau County, New York (the "Home").

4. On June 15, 2017, Grand Finance filed a proof of claim in the amount of $16,885,736.77 against the Debtor, which has been docketed as claim #5 in the claims register.

5. According to an appraisal the Debtor obtained, dated March 8, 2017, the Home is valued at $1,000,000. *See* Application, Exh. A. On September 15, 2017, Grand Pacific will be conducting its own appraisal of the Home, and when it has the results of the appraisal, Grand Pacific will supplement its Objection.

6. On Schedule C, Exempt Property, of his Schedules of Assets and Liabilities, the Debtor scheduled a homestead exemption for the Home in the amount of $165,550 pursuant to Section 5206(a) of the New York Civil Practice Law and Rules. [ECF No. 18].

HF 11590876v.2 #11774/0012

7. In the Application, the Debtor listed the following liens that are secured by the Home:

| Creditor | Basis of Claim | Amount |
| --- | --- | --- |
| Ocwen Loan Servicing | First mortgage | $550,839.47 |
| JP Morgan Chase, N.A. | Second mortgage | $134,412.19 |
| Grand Pacific | Judicial Lien | $9,403,095.31[1] |
| Silverman Sclar Shin & Byrne ("Silverman Sclar") | Judicial Lien | $152,355.72 |

## PRELIMINARY STATEMENT

8. "Congress made it a central purpose of the Bankruptcy Code to give debtors a fresh start in life and a clear field for future effort unburdened by the existence of old debts." *See In re Brody*, 297 B.R. 5, 8 (Bankr. S.D.N.Y. 2003) (quoting *In re Stoltz*, 315 F.3d 80, 94 (2d Cir. 2002) (quoting *In re Bogdanovich*, 292 F.3d 104, 107 (2d Cir. 2002)). However, the boundaries of a fresh start have their limits, and in certain situations such as this one, a creditor is entitled to look to a debtor's assets to provide a recovery on its claim.

9. The Application should be denied because it misapplies the applicable statutory formula for determining whether the Debtor's exemption is impaired, and if the exemption is impaired, by how much. In addition, the Application fails to correctly analyze the law regarding avoidance of judicial liens.

10. In his Application, the Debtor asks the Court to use section 522(f) of the Bankruptcy Code to (i) declare the judicial liens, including the one held by Grand Pacific, as "null and void and of no further force and effect" with respect to his Home and any other property in which the Debtor may acquire an interest and (ii) direct all judgment creditors and lien holders to execute and any all documents necessary to strike the liens off the public record

---

[1] As set forth above, Grand Finance filed a proof of claim in a substantially higher amount. For purposes of this Objection, Grand Finance will not contest the Debtor's use of this lower amount.

3

regarding the Home. *See* App. at ¶¶7, 11. The Debtor proposes a broad all-or-nothing approach by seeking to avoid all judicial liens in full simply because in their aggregate amount exceeds his homestead exemption. This request, neither supported by the facts or the law, would improperly strip off all of Grand Pacific's judgment lien, and would give the Debtor the unjustified benefit of all of the Home's future increase in value.

## OBJECTION

**The Debtor's Available Homestead Exemption does not Void Grand Finance's Judicial Lien in its Entirety.**

11. A debtor may use section 522(f) of the Bankruptcy Code to seek to avoid judicial liens to the extent they impair a debtor's homestead exemption. *In re Prestegaard*, 139 B.R. 117, 120 (Bankr. S.D.N.Y. 1992); *In re Heaney*, 453 B.R. 42, 45-49 (Bankr. E.D.N.Y. 2011) (sections 522(f)(1)(A) and (2) permit a debtor to avoid the fixing of a judicial lien to the extent that such lien impairs an exemption to which the debtor would have been entitled). Determining whether a judicial lien impairs the homestead exemption is based on a series of calculations that are set forth in section 522(f) and described below.

    A.    <u>At a Minimum, the $1 Million Full Fair Market Value of the Home is the Proper Amount of the Debtor's Interest in his Home to Determine his Available Homestead Exemption.</u>

12. The initial step in the analysis is determining the Debtor's interest in the Home. In the Application, the Debtor asserts his interest in the Home is $500,000 because he is a 50% joint owner of a property whose fair market value is $1,000,000.[2] The Debtor provides no support for that assertion, which runs contrary to prevailing law. New York courts are clear in valuing a debtor's interest in the property *at full fair market value without accounting for any partial*

---

[2] Grand Pacific believes the Debtor's valuation substantially undervalues the Home. To the extent that such a challenge results in this Court determining that the Home has a higher value than $1,000,000, the amount of Grand Pacific's judicial lien that is not subject to avoidance increases *pro tanto*.

4

*interests. In re Heaney*, 453 B.R. 42, 47-48 (Bankr. E.D.N.Y. 2011); *Levinson v. R&E Prop. Corp.*, 395 B.R. 554 (Bankr. E.D.N.Y. 2008).[3] As courts have noted, the problem with the Debtor's approach is that, as a result of claiming a 50% ownership interest as a tenant in common, a debtor would receive an unjustified windfall because the value of the debtor's interest in the property would only be half of the total value of the property. As the cases teach, if that <u>lower</u> value is compared with the sum of the <u>full</u> amount of all liens on the property, an excessive amount of liens are avoided when compared to the result obtained by using the proper calculation of comparing the full amount of the property with the sum of the full amount of those liens. New York courts have flatly rejected the approach advocated by the Debtor. *Heaney, Id.; Levinson, Id.* Thus, the Debtor's interest in the Home should be valued at a minimum of $1 million or the higher amount to be proved at trial by Grand Pacific.

    B.    <u>The Proper Calculation and Application of the Debtor's Available Homestead Exemption Leaves a Balance of $150,198.34 that can be Applied to Judicial Liens</u>.

    13.    Section 522(f)(2)(A) sets forth a formula for determining whether existing judicial liens impair the homestead exemption. Applying that formula to this case results in these calculations:

First, the amount of the judicial liens, the consensual liens and the homestead exemption is totaled:

| | |
|---|---|
| $ 9,555,451.03 | Judicial Liens |
| 685,251.66 | Consensual/mortgage liens |
| <u>165,550.00</u> | Homestead exemption. |
| $10,406,252.09 | |

---

[3] The result does not change if the a debtor and nondebtor spouse assert joint ownership. *In re Martin*, 2013 WL 3956384, at *2 (Bankr. E.D.N.Y. July 25, 2013); *In re Moltisanti*, 2012 WL 5246509, at *3 (Bankr. E.D.N.Y. Oct. 24, 2012).

HF 11590876v.2 #11774/0012

Next, the amount of the consensual/nonavoidable liens and the homestead exemption is deducted from the value of the Debtor's interest in the Home:

|   |   |
|---|---|
| $ 685,251.66 | Consensual/mortgage liens |
| 165,550.00 | Homestead exemption |
| $ 850,801.66 | Amount to be applied against value of the Home[4] |

After deducting this amount from the value of the Debtor's interest in the Home ($1,000,000), a balance of $150,198.34 remains. This balance of $150,198.34 would be eligible for application against the judicial liens in order of priority. The next step is to determine how this balance is applied to the existing judicial liens. Again, to the extent that the Home is determined to have a higher value than $1 million, the amount of Grand Pacific's lien that is preserved increases pro tanto.

C.  Grand Finance's Judicial Lien is Unavoidable to the Extent it does not Impair the Homestead Exemption.

14. The Debtor contends that both judicial liens of Grand Finance and Silverman Sclar should be avoided completely to protect against impairment of his homestead exemption. See App. at ¶7, 11.

15. The avoidance of a judicial lien does not have to be in full. Where application of the homestead exemption leaves a balance as it does here, that amount is still subject to a judicial lien in order of priority. *Heaney*, 453 B.R. at 48-49; ("[D]ebtor may avoid the fixing of a lien ... to the extent such lien impairs an exemption."); Id. *(citing* 11 U.S.C. § 522(f)(1); *Levinson v. R&E Prop. Corp.*, 395 B.R. 554, 557 (Bankr. E.D.N.Y. 2008) ("However, '[t]o the extent that a judicial lien does not impair a debtor's exemption, it cannot be avoided.'" (quoting *In re Barrett*,

---

[4] The Debtor's calculations are wrong because he used his "half-interest" of $500,000 instead of the full fair market value of $1,000,000 to arrive at a number that leads him to conclude incorrectly that the judicial liens should be avoided in full. App. at 11. As noted above, to the extent that the value of the Home exceeds $1,000,000, the amount of Grand Pacific's lien that is preserved, increases on a dollar-to-dollar basis.

370 B.R. 1, 3 (Bankr. D. Me. 2007) and citing *In re Vizentinis*, 175 B.R. 824, 827 (Bankr. E.D.N.Y. 1994)).

16. The Debtor's proposed "debtor gets all" approach would enable him to not only enjoy the full potential of the homestead exemption but also reap the remaining equity and the potential reward of the property's increased value in the future, all at the expense of creditors who hold judicial liens that would now be avoided. *In re Prestegaard*, 139 B.R. 117, 120 (Bankr. S.D.N.Y. 1992). Such an approach does not follow section 522(f) as Judge Schwartzberg pointed out in *Prestegaard*:

> Section 522(f)(1) gives the debtor only a **limited** power to avoid liens in order to preserve his exemption. This power may not be expanded to allow avoidance of the unsecured portion of the lien that would otherwise survive the debtor's discharge. To so interpret § 522(f)(1) would be to grant the debtor not merely the benefit of his exemption in the homestead property but also all the benefits of ownership beyond the exemption amount, including the right to any increase in value caused by subsequent events.
>
> ....
>
> **Section 522(f)(1) was not intended to free the debtor's property completely of judicial liens.** Rather, it is the purpose and effect of this provision to preserve the debtor's exemption and thus his fresh start by allowing avoidance of liens in the specific amount of the debtor's exemption.

139 B.R. at 120 (quoting *In re Cerniglia*, 137 B.R. 722, 725 (Bankr. S.D. Ill. 1992)) (emphasis added). Yet contrary to case law and the statute, this is precisely what the Debtor seeks in the Application to the detriment of Grand Finance.

D.   Grand Finance's Judicial Lien is Unavoidable in the Minimum Amount of $150,198.34.

17. Where there is more than one potentially avoidable lien, each lien's avoidance is assessed, in reverse order of that lien's priority under state law. *Heaney*, 453 B.R. at 48-49 (citing cases); see Section 522(f)(2)(B) which provides that: "In the case of a property subject to more than one lien, a lien that has been avoided shall not be considered in making the calculation

7

under subparagraph (A) with respect to other liens." In other words, each lower priority lien is avoided until the sum of all remaining liens, non-avoidable as well as potentially avoidable liens, plus the exemption amount, does not exceed the value of the property. *Id.*

18. Here, the analysis begins with the most junior lien, held by Silverman Sclar in the amount of $152,355.72. Its allowance together with the other liens and exemption exceeds the value of the Home by more than $10 million. Accordingly, it can be avoided fully.

19. On the other hand, Grand Finance's lien of $9,403,095.31 exceeds the sum of the mortgage liens and homestead exemption except for the amount of $150,198.34. Thus, Grand Finance's lien may be properly avoided in an amount exceeding $150,198.34, based on the current valuation of the Home. Accordingly, with respect to Grand Finance, the Application should be granted to the limited extent of avoiding Grand Finance's lien in excess of $150,198.34. As noted above, if the value of the Home is determined to exceed $1 million, the amount of Grand Pacific's preserved lien increases dollar-for-dollar.

20. Grand Finance reserves its right to revise, amend or supplement its objection.

WHEREFORE, based on the foregoing, Grand Finance respectfully requests that the Court deny the Application and grant any other appropriate form of relief.

Dated: New York, New York
September 14, 2017

        HERRICK, FEINSTEIN LLP
        *Attorneys for the Debtors and Debtors in Possession*

        By: /s/ Stephen B. Selbst
            Stephen B. Selbst
        2 Park Avenue
        New York, New York 10016
        (212) 592-1400
        (212) 592-1500 (fax)
        sselbst@herrick.com

HF 11590876v.2 #11774/0012